PATRICK DOUGHERTY, RESPONDENT, v. ANTHONY P. MILLER, INCORPORATED, PROSECUTOR.

Argued October 3, 1935—Decided March 27, 1936.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutor, *Bolte & Tripician* (*Harry Miller*, of counsel).

For the respondent, *H. Albert Hyett*.

The opinion of the court was delivered by

HEHER, J. This is a workmen's compensation case. On February 9th, 1934, the respondent, while lifting heavy railroad switch ties in the performance of his duties as a laborer employed by prosecutor, suffered a back injury, which, concededly, incapacitated him for a period of four and three-sevenths weeks. Prosecutor's physician diagnosed his condition as a strain of the muscles of the right lumbar region, and treated him until March 17th, 1934, when it was concluded that full recovery was had, and the compensation payments were discontinued.

The employe thereupon filed a petition with the compensation bureau, claiming a permanent injury, and he was awarded ten per cent. of total disability. There were cross-appeals to the Atlantic County Court of Common Pleas, and that tribunal increased the award from ten per cent. to fifty per cent. of total disability.

The first point made by prosecutor is that "there is no evidence to sustain the finding that the accident to the petitioner on February 9th, 1934, resulted in an aggravation of a pre-existing arthritic condition."

We find that there was such evidence, and that it warranted the finding that respondent was permanently disabled from the resulting injury. While he suffered an injury to his back in April, 1931, the evidence tends to show that it was not in the same region, nor was it permanent in character—at least he suffered no observable permanent disability therefrom. He continued his usual employment until the injury in question was sustained, and since then has been incapacitated. His disabling condition has been diagnosed as osteo-arthritis of the lumbar spine, and of the sacro iliac joint; and there is ample medical testimony, apart from the evidence that disability followed the injury, reasonably tending to show that, in all human likelihood, the disability was the direct result of the injury, although its fundamental cause was arthritis. It is conceded that respondent suffered the injury claimed. Prosecutor's physician found that he had "strained all the muscles of the lumbar region on the right side." While he insisted that the condition resulting in dis-

ability was in no sense due to the injury, the weight of the medical evidence is to the contrary. And there is, in addition, evidence of a marked decline in physical powers immediately after the accident, and an inability to do thereafter the work that before he could do without apparent strain or discomfort.

True, one of prosecutor's medical witnesses, who examined respondent in June, 1931, testified that, while he had then fully recovered from the earlier injury, he had an arthritic condition of the spine, and in consequence thereof "would not be able to do the heavy work an ordinary man would do, probably half as much." But the physician did not examine him again, and he agreed that there could have been an improvement. In view of the uncontroverted evidence that respondent was thereafter, and until the occurrence of the injury in question, able to do laborious work, we are not justified in finding from this physician's testimony, based upon the one examination, and qualified as it was, that respondent, prior to this last injury, had a fifty per cent. disability, as contended by appellant.

Secondly, it is maintained that "there is no evidence to sustain the judgment of the Court of Common Pleas in increasing the award from ten per cent. to fifty per cent. total disability."

The estimates of disability range from fifty per cent. to seventy-five per cent., and under the circumstances we are not inclined to disturb the award made in the Pleas. It is conceded that respondent is permanently disabled from doing the work that he was able to do before he sustained the injury in question, and, that being so, we think a finding of fifty per cent. total disability is not unreasonable.

Judgment affirmed, with costs.